# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY,<br><br>Defendant. | Civil Action No. _____<br><br>**ZURICH AMERICAN INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** |

Plaintiff, Zurich American Insurance Company ("Zurich"), by way of Complaint for Declaratory Judgment and for Damages against Defendant, Harleysville Insurance Company of New Jersey ("Harleysville"), alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from a tort claim filed and pending in the Supreme Court of the State of New York, County of Queens, entitled *Joseph Ramondetta et al. v. Skanska USA Civil Northeast, Inc., f/k/a Slattery Skanska Inc./Skanska Mechanical and Structural Inc., f/k/a Gottlieb Skanska, Inc./Tully Construction Co., Joint Venture, et al.*, index no. 14160/2012, pending in the New York Supreme Court for Queens County ("Underlying Action").

2.      Harleysville issued a commercial general liability policy to Grandview Associates Waterproofing, Inc. ("Grandview"), under which Skanska USA Civil Northeast, Inc., f/k/a Slattery Skanska, Inc.,/Skanska Mechanical and Structural, Inc., f/k/a Gottlieb Skanska, Inc./ Tully Construction Co., Inc., Joint Venture ("STJV") has sought additional insured coverage for the Underlying Action.

*1097287*

3.      Harleysville has disclaimed any obligation to defend or indemnify STJV under its policies for the Underlying Action.

4.      Zurich issued a commercial general liability policy to STJV under which STJV sought coverage for the Underlying Action.

5.      Zurich has been, and is currently, providing for the defense of STJV in the Underlying Action, at Zurich's own expense.

6.      In this action, Zurich seeks a declaration that: (1) STJV qualifies as an additional insured under the policies issued by Harleysville, which are detailed below; (2) Harleysville has a duty to defend STJV with respect to Underlying Action; (3) the Harleysville policies provide primary, non-contributory coverage for STJV with respect to the Underlying Action; and (4) Harleysville has a duty to reimburse Zurich for the defense costs Zurich has incurred on behalf of STJV and that Zurich continues to incur.

## THE PARTIES

7.      Zurich is a New York corporation engaged in the insurance business with a statutory home office located in New York, New York, and a principal place of business located in Schaumburg, Illinois.  Zurich is authorized to transact business and has transacted business in the State of New York.

8.      Upon information and belief, Harleysville is a Pennsylvania corporation engaged in the insurance business, with its principal place of business located in Harleysville, Pennsylvania.  Harleysville is authorized to and does engage in the business of insurance in New York.

2

**JURISDICTION AND VENUE**

9.      The amount in controversy exceeds the sum of seventy-five thousand dollars, not including interest and costs.

10.      This Court has subject matter jurisdiction over this action based on the diversity of the parties pursuant to 28 U.S.C. § 1332.

11.      This court has personal jurisdiction over Harleysville because Harleysville is authorized to and does conduct business in New York.

12.      Venue in this Court is appropriate pursuant to 28 U.S.C. §§ 1391 (a), (b), and (c).

**BACKGROUND**

**The Underlying Action**

13.      In the Underlying Action, the plaintiff asserts personal injury claims against STJV and Grandview arising from an alleged accident that occurred at a construction project at the Croton Water Filtration Plant located in Bronx County, New York.  (the "Project").

14.      According to the amended complaint filed in the Underlying Action, on August 24, 2010, Joseph Ramondetta ("Ramondetta") fell off a plywood ramp while working at the Project and suffered injuries ("Ramondetta Accident").

15.      According to the complaint filed in the Underlying Action, as a result of the Ramondetta Accident, Ramondetta has sustained serious injuries.

16.      In the amended complaint, Ramondetta alleges that Grandview's negligence caused his accident, and that Grandview is liable for his injuries under Labor Law §§ 200, 240(1), and 241(6).

3

17.     Zurich is providing a defense to STJV in the Underlying Action and, as a result, is subrogated to the rights of STJV against Harleysville herein for defense fees and costs incurred on behalf of STJV.

**The Subcontract Agreement**

18.     STJV contracted to performed certain construction work at the Project.

19.     In connection with the Project, STJV hired Grandview to perform waterproofing and drain installation services pursuant to a subcontract agreement ("Grandview Subcontract"). A copy of the Grandview Subcontract is annexed hereto as Exhibit A.

20.     The Grandview Subcontract refers to STJV as the "Contractor" and Grandview as the "Subcontractor."

21.     The Grandview Subcontract required Grandview to purchase and maintain Commercial General Liability Occurrence Coverage in effect at the time of the Ramondetta Accident, and to name STJV as an additional insured.

22.     The Grandview Contract states, in relevant part:

**ARTICLE 8 - INSURANCES**

Prior to commencement of work, Subcontractor shall procure and at all times thereafter maintain with insurers acceptable to Contractor and in amounts satisfactory to Contractor and Owner, automobile liability, workmen's compensation and employer's liability, broad form comprehensive general liability, including contractors protective liability, broad form contractual liability insurance, and completed operations coverage and/or such other insurance as may be necessary to protect against all liability that may be chargeable to Contractor, Owner, Owner's representatives or Subcontractor on account of accidents or injuries caused by acts or omissions of the Subcontractor, his agents, servants, employees and independent contractors, engaged on the work to be performed pursuant to this Agreement.  Subcontractor shall name Contractor, Owner and others required as additional insureds on all insurance policies except for workers' compensation.  Subcontractor shall, prior to commencing work under this Agreement, deliver certificates or policies to Contractor which shall provide for 30 day's advance written notice by certified mail of cancellation, termination or alteration of any policy.  Procurement and delivery of such certificates or policies shall in no way limit or relieve Subcontractor's obligation to indemnify

4

Contractor as provided in Article 7 of this Agreement. If Subcontractor fails to obtain or maintain the necessary insurance covering his operations or to furnish Contractor with satisfactory certificates or policies as well as satisfactory renewals, Contractor may procure such insurance at the cost, charge and expense of Subcontractor. Specific Insurance requirements are as follows:

SEE APPENDIX " C" ATTACHED

*      *      *

## APPENDIX "A"

### Additional Terms for Subcontractors

3.    <u>INSURANCE</u>: Subcontractor shall be required to submit proof of full coverage insurance as required by Subcontract Appendix C prior to commencing work. Contractor and Owner shall be named on the policy as an additional insured, and all insurance requirements of Subcontract and Prime Contract must be fulfilled. The insurance policy shall provide Contractor with a thirty (30) day notification of insurance termination or change to the policy.

*      *      *

## APPENDIX "C"

### Subcontractor Insurance Rider

### <u>The City of New York Department Of Environmental Protection – Owner</u>

### Capital Project WM-11 Croton Water Treatment Plant At The Mosholu Golf Course Contract No. CRO-312G - Structures and Equipment

Prior to commencement of any work under this contract and until all obligations under this contract are fulfilled, the Subcontractor and each and every lower tier Subcontractor shall, at its sole expense, maintain the following insurance on its own behalf, and furnish to Skanska USA Civil Northeast Inc./Skanska Mechanical and Structural Inc./Tully Construction Co., Inc. Joint Venture d.b.a. Skanska/Tully JV, hereinafter referred to as "Contractor", certificates of insurance evidencing same and reflecting the effective date of such coverage as follows:

 The term "Subcontractor" as used in this insurance rider, shall mean and include Subcontractors of every tier.

Subcontractor shall, at its own expense, maintain in effect until final completion and acceptance including stipulated warranty period with insurers holding a Best's rating of A XV or better and admitted/licensed in every state where work is performed and through policy forms satisfactory to Contractor, minimum insurances as described below. The ratings for each company must be indicated on the Acord certificate of insurance. Before permitting any lower tier Subcontractor to perform any work under this subcontract, Subcontractor shall require that Contractor be furnished satisfactory evidence that the lower tier

5

Subcontractor maintains insurance similar to that required below. All policies must be written by companies approved by Contractor and evidence of such must be delivered to Contractor.

Subcontractor shall procure and maintain the following minimum insurance coverages in addition to any additional insurance policies necessary to obtain required permits or otherwise comply with applicable law, ordinances, or regulations regarding the performance of work:

The following limits or specific coverages do not restrict or limit any contractual obligation between the parties as may be defined elsewhere, Contractor's failure to identify insurance deficiencies does not relieve the Subcontractor from any insurance obligations.

\*       \*       \*

3.      COMMERCIAL GENERAL LIABILITY:

Commercial General Liability Form 2001 ISO Occurrence Form or equivalent (identify form # and edition date on certificate).

LIMITS:
$5,000,000-    Each occurrence for Bodily Injury and Property Damage
$5,000,000-    Products, Completed Operations Aggregate Limit
$5,000,000-    General Aggregate* Limit (other than Products/Completed Operations)
$5,000,000-    Personal Injury Liability
       *General Aggregate MUST include per project endorsement (must evidence on certificate).

Above limits will be revised to coincide with Owner's requirements if necessary,

Policy coverage terms and conditions to include:

- Premises/Operations - must cover all work to be performed by Subcontractor & their Subcontractors
- Contractual Liability shall include coverage sufficient to meet the obligations in this agreement, including defense costs assumed under contract, These defense costs are in addition to limit of liability
  \*       \*       \*
- Additional insureds to be included on a primary basis (must evidence on certificate and provide Contractor with a copy of the policy endorsement)
  \*       \*       \*
- Waiver of subrogation for Owner, Contractor, all additional insureds and their directors, officers, agents, successors, assignees, employees, partners, subsidiaries and affiliates (must evidence on certificate)

\*       \*       \*

6.      ADDITIONAL INSURED ENDORSEMENTS:

6

*1097287*

Insurance policies specified in 3, 4 & 5 above shall be endorsed to include The City of New York Department of Environmental Protection; The City of New York including its officials and employees; New York City Transit Authority; Metropolitan Transit Authority; Skanska USA Civil Northeast Inc./Skanska Mechanical and Structural Inc./Tully Construction Co., Inc. Joint Venture d.b.a. Skanska/Tully JV; Skanska USA Civil Northeast Inc.; Skanska Mechanical and Structural Inc.; Tully Construction Co., Inc.; Skanska USA Civil Inc.; Skanska USA Inc. and their officers, directors, employees, agents, successors, assignees, partners, subsidiaries and affiliates and any other parties as designated in the contract documents as additional insureds, and shall stipulate that this insurance is primary, that any other insurance or self-insurance maintained by Owner, Contractor or other additional insured shall be excess only and shall not be called upon to contribute with this insurance.  Each insurance policy shall not be subject to reduction of coverage as to the Owner or the Contractor by reason of any claim asserted against the subcontractor other than in connection with the work.

ISO Additional Insured Endorsement form number CG 2010 1185 under GL.- Contractors Form B or CG 2010 (10/01) plus CG 2037 (10/01) or equivalent must be utilized and accompany the Certificate of Insurance. "Your Work" must be shown on the endorsement ("ongoing operations" is unacceptable) and any other restrictive wording is unacceptable.

This listing of additional insureds may change from time to time during the course of the Project. Subcontractors will be required to endorse their policies to reflect any changes to this listing of additional insureds as changes occur.

## THE INSURANCE POLICIES

### The Zurich Policy Issued to STJV

23.      Zurich issued commercial general liability policy number GLO 3867164-00 to STJV, effective May 11, 2007 to December 31, 2015.

24.      Zurich has been and is currently providing a defense for STJV in the Underlying Action at Zurich expense.

### Harleysville Primary Policy Issued to Grandview

25.      Harleysville issued commercial general liability policy number MPA00000044943B to Grandview, effective April 9, 2010, to April 9, 2011, with limits of liability of $1 million per occurrence (the "Harleysville Primary Policy").

7

*1097287*

26.     The Harleysville Primary Policy includes provisions under which STJV qualifies for coverage for the Underlying Action.

27.     The Harleysville Primary Policy contains an endorsement providing additional insured coverage under which STJV qualifies as an additional insured.

28.     The additional insured coverage provided to STJV under the Harleysville Primary Policy applies on a primary and non-contributory basis.

**Harleysville Umbrella Policy Issued to Grandview**

29.     Harleysville issued an umbrella and/or excess policy number CMB00000069796B to Grandview, effective April 9, 2010 to April 9, 2011 ("Harleysville Umbrella Policy").

30.     The Harleysville Umbrella Policy includes provisions under which STJV qualifies for coverage for the Underlying Action.

31.     Upon information and belief, the Harleysville Umbrella Policy contains language under which STJV qualifies as an additional insured.

32.     Upon information and belief, the additional insured coverage provided to STJV under the Harleysville Umbrella Policy applies on a primary and non-contributory basis.

**ZURICH TENDERS THE UNDERLYING ACTION TO HARLEYSVILLE**

33.     By letter dated July 3, 2013, Zurich tendered the defense and indemnity of the Underlying Action to Harleysville on behalf of STJV and "other indemnified parties" pursuant to the terms and conditions of the Harleysville Primary Policy and the Grandview Subcontract.  A copy of the July 3, 2013, letter is attached as Exhibit B.

34.     By letter dated August 28, 2013, Harleysville disclaimed defense and indemnity coverage to STJV under the Harleysville Primary Policy for the Underlying Action.

*1097287*

35.     By e-mail, dated April 2, 2015, Zurich renewed its prior tender of the Underlying Action to Harleysville for the defense and indemnification of STJV under the terms and conditions of the Harleysville Primary Policy and the Grandview Subcontract.

36.     Harleysville again disclaimed defense and indemnity coverage to STJV under the Harleysville Primary Policy for the Underlying Action.

## FIRST CAUSE OF ACTION
## AGAINST HARLEYSVILLE

37.     Zurich repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

38.     The Grandview Subcontract provides that STJV must be named as an additional insured on Grandview's commercial general liability primary and excess/umbrella policies.

39.     Upon information and belief, the Harleysville Primary and Umbrella Policies contain provisions which provide STJV with additional insured status and entitle STJV to defense for the Underlying Action under the Harleysville Primary and Umbrella Policies.

40.     An actual and justiciable controversy exists between Zurich and Harleysville regarding STJV's additional insured status and entitlement for defense for the Underlying Action under the Harleysville Primary and Umbrella Policies.

41.     A resolution of this dispute is necessary to resolve Harleysville's obligation to defend STJV in the Underlying Action and/or reimburse Zurich for fees and expenses that Zurich has incurred and will continue to incur in connection with the Underlying Action.

42.     Therefore, Zurich seeks a judicial determination and declaration that STJV qualifies as an additional insured under the Harleysville Primary and Umbrella Policies.

*1097287*

## SECOND CAUSE OF ACTION
## AGAINST HARLEYSVILLE

43.    Zurich repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

44.    Pursuant to the terms of the Harleysville Primary and Umbrella Policies, Harleysville has an obligation to defend STJV for the Underlying Action on a primary and non-contributory basis.

45.    Harleysville has denied an obligation to defend or indemnify STJV in the Underlying Action and/or reimburse Zurich for the fees and expenses it has incurred in connection with the Underlying Action.

46.    An actual and justiciable controversy exists between Zurich and Harleysville regarding Harleysville's obligation to defend and indemnify STJV in the Underlying Action.

47.    Therefore, Zurich seeks a judicial determination and declaration that Harleysville is obligated to defend and indemnify STJV for the Underlying Action, on a primary and non-contributory basis.

## THIRD CAUSE OF ACTION
## AGAINST HARLEYSVILLE

48.    Zurich repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

49.    As a result of Harleysville's denial of Zurich's tender, Zurich has incurred and will continue to incur costs and fees in connection with the Underlying Action.

50.    Per the Grandview Subcontract and the Harleysville Primary and Umbrella Policies, Harleysville is required to provide primary, non-contributory insurance coverage to STJV with respect to the Underlying Action.

*1097287*

51.     An actual and justiciable controversy exists between Zurich and Harleysville regarding the proper allocation of coverage under their respective policies for the Underlying Action.

52.     Therefore, Zurich seeks a judicial determination and declaration that Harleysville owes primary, non-contributory additional insured coverage to STJV for the Underlying Action.

## FOURTH CAUSE OF ACTION
## AGAINST HARLEYSVILLE

53.     Zurich repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

54.     Harleysville wrongfully failed to provide STJV with a defense for the Underlying Action.

55.     Harleysville's failure to provide a defense to STJV on a primary and non-contributory basis for the Underlying Action is in violation of the terms of the Harleysville Primary and Umbrella Policies.

56.     As a direct and proximate result of Harleysville's failure to provide a defense in violation of its obligations set forth in the Harleysville Primary and Umbrella Policies, Zurich has incurred considerable defense costs on behalf of STJV in the Underlying Action.

57.     An actual and justiciable controversy exists between Zurich and Harleysville regarding Harleysville's obligations to reimburse Zurich for the defense costs incurred on behalf of STJV in the Underlying Action.

58.     Accordingly, the Court should award to Zurich, and order Harleysville to pay, all amounts that Zurich has incurred or will incur in the defense of STJV in the Underlying Action, from the date of initial tender to the present, plus interest.

*1097287*

**WHEREFORE**, Zurich respectfully requests that the Court enter a judgment as follows:

1. Declaring that:

   a. STJV qualifies as an additional insured under the Harleysville Primary and Umbrella Policies in connection with the Underlying Action;

   b. Harleysville must provide for the defense of STJV for the Underlying Action;

   c. Harleysville owes primary non-contributory additional insured coverage to STJV for the Underlying Action;

2. Awarding money damages to Zurich from Harleysville for all defense costs incurred by Zurich in the defense of STJV in Underlying Action;

3. Awarding to Zurich from Harleysville all attorneys' fees, costs, and expenses that it has incurred in prosecuting this action;

4. For such other and further relief as the Court deems just and proper.

Dated: February 2, 2016
      New York, New York

COUGHLIN DUFFY, LLP


By:   */s/ Adam M. Smith*
      ADAM M. SMITH, ESQ.
      SHAYNE W. SPENCER, ESQ.
      Wall Street Plaza
      88 Pine Street, 28th Floor
      New York, New York 10005
      Telephone: 212.483.0105
      Facsimile: 212.483.3899
      asmith@coughlinduffy.com
      sspencer@coughlinduffy.com
      *Attorneys for Plaintiff*
      *Zurich American Insurance*
      *Company*

*1097287*